# IN THE COURT OF APPEALS OF IOWA

No. 14-1459
Filed November 12, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BYRON JOEL WILES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.

A defendant appeals his conviction for failure to comply with sex offender registration requirements. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

Byron Wiles appeals his judgment and sentence for failure to comply with sex offender registration procedures, in violation of Iowa Code sections 692A.104 and .111 (2013). He contends the evidence was insufficient to support the district court's finding of guilt.

## I. Background Facts and Proceedings

The history leading up to Wiles's present judgment is as follows. Wiles pled guilty to third-degree sexual abuse and received a deferred judgment, which was later revoked. In the revocation order, the district court imposed and suspended a ten-year prison term, placed Wiles on probation, stated Wiles would have to "register with the sheriff of the county of [his] residence . . . within five (5) days of release from custody or placement on probation, parole, or work release," and required him to "complete all necessary sex offender registry forms as directed."

Wiles's probation was later revoked. After serving time and receiving parole, he registered as a sex offender. Wiles included a cell phone number on the registration form. Wiles subsequently violated his parole and was placed on work release at the Burlington Residential Correctional Facility, where he completed two additional sex offender registration forms. Neither form listed a cell phone number.

Residential facility employees found Wiles with a cell phone, in contravention of facility rules. The phone had the same number as the number listed on the original sex offender registration form.

The State charged Wiles with failure to "report relevant information on his sex offender registration as defined in Iowa Code [section] 692A.101(23); to-wit, a cell phone." The case was tried to the court, which found him guilty. This appeal followed.

## II. Analysis

Wiles makes a two-pronged argument: (A) he "had no statutory duty to update his registration since he was 'incarcerated' at the time and therefore exempt" and (B) "[e]ven if he had such a duty, he was only required to report any changes in his information." Accordingly, in his view, the evidence was insufficient to support the district court's finding of guilt.

While styled a challenge to the sufficiency of the evidence, Wiles's argument is really a challenge to the district court's interpretation of the relevant statutory provisions in light of essentially undisputed facts. *See State v. Romer*, 832 N.W.2d 169, 179 (Iowa 2013) (focusing on whether language of statute prohibited certain undisputed conduct); *see also State v. West*, No. 06-1316, 2007 WL 2963990, at *4 (Iowa Ct. App. Oct. 12, 2007) (noting West's claim on his motion for judgment of acquittal turned on a statutory interpretation issue); *State v. Wiley*, No. 01-1458, 2002 WL 31309923, at *2 (Iowa Ct. App. Oct. 16, 2002) ("Although the issue before us is cast as whether there was sufficient evidence to sustain a conviction . . . we believe the issue can at least as readily be viewed as a challenge to the trial court's interpretation and application of [the pertinent statute]."). We review this statutory interpretation issue for errors of law. *Romer*, 832 N.W.2d at 179.

### A. *Duty to Register*

The first part of Wiles's argument is premised on section 692A.103(2), which states "[a] sex offender is not required to register while incarcerated." Wiles asserts he was "incarcerated" during his stay at the residential facility, obviating the need to register and foreclosing prosecution and conviction for failure to include the cell phone number on his second and third registration forms. The State counters with a citation to section 692A.103(1)(b), which requires registration "[f]rom the date of release on parole or work release."

Wiles has the statutory definition of "incarcerated" on his side. Chapter 692A defines "incarcerated" as "to be imprisoned by placing a person in a jail, prison, penitentiary, juvenile facility, or other correctional institution or facility *or a place or condition of confinement or forcible restraint regardless of the nature of the institution in which the person serves a sentence for a conviction*."[1] Iowa Code § 692A.101(14) (emphasis added). It is true that the Burlington Residential Correctional Facility is "not under the management of the department of corrections." *See State v. Halverson*, 857 N.W.2d 632, 638 (Iowa 2015).[2] However, the residential correctional facility easily fits within the last broad category of confinement listed in the definition of "incarcerated." Accordingly, we conclude Wiles was "incarcerated" within the meaning of Iowa Code section 692A.101(14).

---

[1] Former versions of Iowa Code chapter 692A that imposed the duty to register distinguished "work release" from "residential treatment" and "any other release from custody." *See* Iowa Code § 692A.2(1) (2007).

[2] According to Wiles's probation-parole officer, Wiles remained in the custody of the Iowa Department of Corrections while housed at the facility.

Wiles asks us to end our analysis here. But to hold that a work released sex offender housed at a residential correctional facility is not required to register simply because he meets the definition of "incarcerated" would render section 692A.103(1)(b) superfluous. *See State v. Nicoletto*, 845 N.W.2d. 421, 427 (Iowa 2014) ("[W]e interpret statutes in a manner to avoid absurd results and to avoid rendering any part of an enactment superfluous.") *superseded by statute*, 2014 Iowa Acts ch. 1114, § 1 (codified at Iowa Code § 709.15(f) (2015)). As the district court stated,

> The legislature clearly enacted Section 692A.103(1)(b) to ensure that those individuals who are given the benefit of early release to a residential facility must register with the sex offender registry as would any other individual with a similar conviction who has not been incarcerated would. To interpret the statute as [Wiles] suggests would clearly negate Section 692A.103(1)(b).

If section 692A.103(1)(b) were not sufficiently clear, the legislature also stated, "Probation, Parole, *work release*, or any other form of release after conviction shall not be granted unless the offender has registered as required under this chapter." *See* Iowa Code § 692A.109(2)(a) (emphasis added). Together, these provisions unambiguously required Wiles to register as a sex offender.

Wiles falls back on the rule of lenity, which requires strict construction of criminal statutes in favor of the defendant. *See State v. Hearn*, 797 N.W.2d 577, 585 (Iowa 2011). Like the district court, we decline to read the definition of "incarcerated" as injecting ambiguity into this analysis and as requiring strict construction under the rule of lenity. *Id.* at 587 ("At a minimum, . . . our cases stand for the proposition that the rule of lenity does not apply if there is no

ambiguity regarding the application of a statute to a given set of facts after examination of the text, the context of the statute, and the evident statutory purpose as reflected in the express statutory language."). Sections 692A.103(1)(b) and 692A.109(2)(a) clearly require registration.

### B. Duty to Update Information

In the alternative, Wiles argues section 692A.104, which Wiles was charged with violating, only imposes an obligation to update *changed* information, and his cell phone number did not change.[3] At first glance, the statutory language would appear to support this argument. Section 692A.104(3) requires an offender to "notify the sheriff of the county where the principal residence of the offender is maintained about the *change* to the relevant information." "Change" is defined as "to add, begin, or terminate." Iowa Code § 692A.101(5). But Wiles's argument ignores section 692A.104(8), which states "the sex offender shall register by appearing in person . . . to verify the offender's arrival and *relevant information*." Wiles concedes his cell phone number was "relevant information." Accordingly, section 692A.104(8) required verification of the number. It is undisputed Wiles failed to do so.

Wiles may have believed his initial registration of the number was sufficient. However, this court has refused to excuse non-compliance based on an offender's subjective misunderstanding of the requirements. *See State v. Dawson*, No. 13-0792, 2015 WL 1546353, at *7-8 (Iowa Ct. App. Apr. 8, 2015).

---

[3] The State did not charge Wiles with a violation of section 692A.108, which requires an offender "to verify the accuracy" of certain "relevant information." *See* Iowa Code §§ 692A.108, .101(23)(a)(17).

Additionally, if this was his belief, it is undercut by the fact he re-registered other unchanged information.

We conclude the district court did not err in interpreting the cited statutory provisions on sex offender registration. To the extent Wiles challenges the sufficiency of the evidence supporting the court's fact findings, we find substantial evidence to support those fact findings. Accordingly, we affirm Wiles's judgment and sentence for failure to comply with the sex offender registration requirements.

**AFFIRMED.**